IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES WADE VICKERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) _____ |
| AMEC FOSTER WHEELER | ) |
| KAMTECH, INC. | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

# COMPLAINT

Plaintiff James "Wade" Vickery ("Mr. Vickery" or "Plaintiff") hereby files this Complaint against Defendant AMEC FOSTER WHEELER, INC., ("Defendant" or the "Company") for damages and other relief for violations of the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* (the "FMLA") and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* (the "ADA").

## JURISDICTION AND VENUE

1.

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant resides at 1979 Lakeside Parkway, Suite 400, Tucker, GA

30084. Defendant's registered agent is United Agent Group Inc., who is located at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

## ADMINISTRATIVE PREREQUISITES

**3.**

Plaintiff has exhausted all administrative requirements necessary to bring his claims. Plaintiff filed an EEOC charge related to his ADA claims in this case within 180 days of the ADA-violative conduct at issue. The EEOC issued its Notice of Right to Sue on June 30, 2022.

**4.**

This action is timely filed with respect to Plaintiff's ADA claims as less than 90 days have passed since Plaintiff's receipt of the Notice of Right to Sue for the same.

## THE PARTIES

**5.**

Defendant is a domestic for-profit corporation doing business in Georgia that provides engineering, project management and consultancy services. It employed at least 50 employees within a 75-mile radius of Plaintiff's worksite.

**6.**

Plaintiff is a former employee of Defendant, having worked for it for around a year and a half as a recruiter until he was terminated. In the 12 months preceding his termination, Plaintiff worked over 1,250 hours for the

Company.

## STATEMENT OF FACTS

**7.**

In early 2019, Defendant hired Plaintiff as a recruiter. His direct supervisor was Jim Fisher.

**8.**

At the time that he was hired, his right hand was in a cast as a result of a chronic issue with that hand.

**9.**

Around a year and a half later, it became necessary for Mr. Vickery to get surgery on his hand due to the amount of pain that it was causing him and his diminishing use of it.

**10.**

When Plaintiff told Mr. Fisher about his need for surgery, he immediately expressed reservations about the absence that he believed it would entail and about taking FMLA leave. He tried to convince Plaintiff not to have the surgery and questioned whether he really "needed to have it done." Mr. Vickery insisted that he needed to have it done, as the pain was often intense, and his physician advised him that any further delay could result in permanent deterioration in the use of that hand. Even so, Mr. Fisher continued to discourage Plaintiff from taking FMLA leave, saying things like

"we really need you," and stating that his team was in "crunch mode," and that he needed "all hands on deck."

11.

Around this time, Mr. Vickery filed complaints with the Company's human resources department about the stress that Mr. Fisher was putting on him, including making his team work five consecutive weekends in addition to their regularly scheduled duties.

12.

Mr. Vickery had the surgery in spite of Mr. Fisher's protestations. In an effort to appease him, however, he received the surgery on a Friday so as to allow himself the weekend to recover.

13.

However, on that Monday, Mr. Vickery's wife called in to say that Mr. Vickery was not feeling well and would be late coming in to work.

14.

Mr. Fisher then terminated his employment on that day, the very next workday following his surgery.

15.

At the time that he was terminated, he had taken no more than two days off of work for medical reasons, during which interval he had two surgeries on his hand.

**16.**

The stated reason for Mr. Vickery's termination was that sales on the oil and gas side of the business were down. However, Mr. Vickery had never previously been written up or reprimanded for his performance. Furthermore, in the final months of his employment, he was made to train two other employees to perform similar work to that which he did. The Company also retained another less experienced and less tenured employees who performed similar duties to those that he did.

## COUNT I
## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

**17.**

Plaintiff incorporates paragraphs 1-17 by reference as if fully set forth herein.

**18.**

The FMLA permits covered employees to take up to 12 weeks of job-protected leave over a 12-month period for, among other things, the employee's qualifying serious health condition.

**19.**

The FMLA prohibits employers from interfering with a covered employee's rights under the FMLA and from retaliating against such an employee for exercising those rights.

**20.**

Plaintiff was an FMLA-covered employee of Defendant.

**21.**

Plaintiff suffered from a serious medical condition that made him unable to perform his job.

**22.**

Defendant interfered with Plaintiff's FMLA protected rights by discouraging him from taking protected leave for his serious medical condition and terminating his employment.

**23.**

Defendant further violated the FMLA by terminating Plaintiff's employment in retaliation for having taken protected medical leave.

**24.**

Plaintiff is entitled to all damages permitted by law for Defendant's actions as described in this count, including but not limited to compensatory and liquidated damages, back pay, front pay, and attorney's fees and costs.

## COUNT II
## VIOLATIONS OF THE AMERICANS WITH DISABILITES ACT

**25.**

Plaintiff incorporates by reference Paragraphs 1-25 as if fully set forth herein.

**26.**

The ADA prohibits employers from discriminating against qualified individuals with disabilities on the basis of those disabilities.

**27.**

Discrimination under the ADA includes the denial of reasonable accommodations requested by qualified employees for their disabilities.

**28.**

The ADA also prohibits retaliation against qualified employees for engaging in what it deems protected activity. Protected activity includes requesting and utilizing reasonable accommodations.

**29.**

Plaintiff was a qualified individual with a disability during his employment with Defendant.

**30.**

Defendant discriminated against Plaintiff in violation of the ADA by terminating Plaintiff's employment on the basis of his disability.

**31.**

Defendant violated the ADA by terminating Plaintiff's employment in retaliation for requesting and taking reasonable accommodations in the form of leave to receive and recover from surgery on his hand.

**32.**

Plaintiff is entitled to all damages permitted by law for Defendant's actions as described in this count, including but not limited to compensatory and punitive damages, back pay, front pay, and attorney's fees and costs.

**WHEREFORE** Plaintiff respectfully requests judgment in its favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's favor and against Defendant under all claims in this Complaint;

3. Order Defendant to make whole Plaintiff by providing him with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, salary, employment benefits and other compensation denied or lost as a result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;

4. Statutory damages and penalties under the ADA;

5. Statutory damages and penalties under the FMLA;

6. Grant Plaintiffs their reasonable attorney's fees and all other fees and costs associated with this action;

7. Declarative and injunctive relief appropriate to remedy the ADA

violations;

8. Declarative and injunctive relief appropriate to remedy the FMLA violations;

9. Prejudgment interest; and

10. Such other and further relief as is just and proper.

This 1st day of August 2022.

                                          */s/ James M. McCabe*
                                          James M. McCabe
                                          Georgia Bar No. 724618
                                          S. Graham White
                                          Georgia Bar No. 535538
                                          The McCabe Law Firm, LLC
                                          3355 Lenox Road
                                          Suite 750
                                          Atlanta, GA  30326
                                          Office: (404) 250-3233
                                          Fax: (404) 400-1724
                                          jim@mccabe-lawfirm.com

                                          Attorneys for Plaintiff James
                                          "Wade" Vickery